King, J.
In her petition the plaintiff below Ella Tippin .says she now is and for the nine years last past has been the wife of George Tippin; that the family of plaintiff and her said husband consists of two children, both of whom are of tender years; that plaintiff and her family reside near the village of Weston in said Wood county, at which place the said defendant Bert L. Bussell is engaged in the saloon business, That being'liable to be injured by the sale of intoxicating liquors to her said husband, plaintiff on the 6th day of July 1893, duly gave notice to said defendant, in the presence of a witness, not to give or sell to said George Tippin any intoxicating liquors.
That said defendant disregarding said notice did thereafter, to-wit: on the 7th day of July, 1893, and from that date at divers times until the beginning of this action, and while the said notice was in full force, wilfully, knowingly and unlawfully sell and give intoxicating liquors to said George Tippin, and caused the s.aid George Tippin to become and be habitually intoxicated.
That theretofore the said George Tippin had been and was industrious, frugal, energetic and healthy, and by his efforts in his employment of farming, had provided for plaintiff and their said family a comfortable subsistence; that upon the earnings of her said husband plaintiff was dependent for her means of support.
That in consequence of said habitual intoxication so' caused by said defendant as aforesaid, said George Tippin neglected his business, squandered his time and money in drinking and carousing, and failed to properly care for and provide subsisience for plaintiff and their said family, and became frequently disabled and sick, and plaintiff was compelled to nurse and take care of him, and he became and was unable to provide a proper support for his said family. *54 For and on account of which plaintiff says she has been damaged in the sum of three thousand dollars for which she prays judgment. The answer is substantially a general denial, except that defendant admits he is engaged in the saloon business. The parties went to trial, and the plaintiff obtained a verdict for $500.00.
There were four requests submitted on the part of the defendant below and asked to be submitted to the jury, which requests were refused.
We do not find any error in the refusal of the court to submit the first, third, and fourth requests. As to the second request, which reads as follows: “That the selling of the liquors mentioned in this case under the statute under which this action is brought, must be unlawful and the illegal character of such sale must amount to a certain offense under the statute, ” in that connection the court charged the jury certain things which were excepted to, and they are marked through the charge “A,” “B,” “0,” “D‘, ” “E,”and “F.” That part of the charge marked “D” is as follows:—
“But if having found that the notice was duly served, and having found that he did sell intoxicating liquors to her husband, then you will inquire whether such liquors produced intoxication, and whether the husband was disabled from performing labor and earning money by reason of such intoxication; and whether by reason of such use of intoxicating liquors he did not furnish such support to his family as he would have otherwise furnished them if he had not become addicted to the use of intoxicating liquors after due notice, and plaintiff’s husband did become intoxicated.”
Exception “E”is as follows: — ■
“If you find then that the proper notice was given the defendant, and he afterwards sold,liquor to the plaintiff’s husband, and it caused intoxication, and by reason of that, the ability of the husband to furnish support for his wife and children has been diminished, and she has been damaged thereby, then you will allow her such damages as from the evidence you find is right and proper.”
*55 The part of the charge excepted to marked “E” is as follows:—
“But if you do find these several facts in her favor, that is, that the notice was given duly, that afterwards defendant sold intoxicating liquors to plaintiff’s husband, and by reason of these liquors he became intoxicated, and that he became incapacitated for work, and could not furnish support to her as he otherwise could have done, then you will allow her damages, and in addition to that you may allow her exemplary damages, that is, damages to make an example ■of the defendant. ’ ’
Now, these exceptions are urged upon the ground that it was the duty of the court to say that the sales were illegal •sales; sales in violation of some express provisions of the ■statute, and the request which is submitted has that idea expressed in it, as it asks the court to say to the jury that they must find that the sales were illegal.
It is urged in reply to that, that the trend of the decisions in this state has been of late to not require that the sales shall be illegal sales, and is also urged that the request submitted is not specific and definite enough. That objection to the request might be sufficient if this question alone was submitted. The request does not undertake to define, or to ask the court to define, in what respect it finds these sales were illegal. It is clear enough that if the court is to so charge the jury, the court should define what illegal sales were.
The objection to the request is .not of very much importance, neither is the request of very much importance itself when you take into consideration the charge of the court as given which refers to that subject. It shows that the court gave the case to the jury upon the theory that if they found that any sales of liquor were made to the husband of the plaintiff after the notice was given and, from these sales he became intoxicated, and the plaintiff was damaged thereby, that she might maintain this action and recover *56 damages. We think that the exceptions to the refusal of the court in connection with that part of the charge to submit the whole case to the jury if the law be that these sales must have been illegal sales, are well taken; that'the sales relied upon which it is claimed did produce the damage to the plaintiff, must have been in violation of some statute of the state of Ohio and upon that point we think there can be-no doubt that the decisions have well settled it that- these-sales relied upon as the elements producing the damage claimed in the petition must have been in violation of the-law. That was first held in the case of Baker v. Beckwith in 29th Ohio St., page 341, and that case was alluded to and' quoted in Lyon v. Fleahmann, 34 Ohio St. 151 and on page-15 the court say: “In Baker v. Beckwith it was held that in order to recover- in a civil action under the seventh section of the liquor law, it is necessary to aver in the petition and prove on the trial,facts showing that the sales were made in contravention of the penal provisions of the Statute.”' This case was again referred to in the case of Sibila v. Bahney, in the same volume, at page 405, in which the court say in the opinion:
“The seventh section of the act to provide against the-evils resulting from the sale of intoxicating liquors, as amended April 18th, 1870, authorizes a recovery in damages for an injury to person, property, or means of support, resulting from intoxication caused by a sale or gift of intoxicating liquors when unlawfully made.”
Now it is suggested that there is a decision in the 49th-Ohio State which in some measure changes the doctrine of the law as laid down in the decision which I have referred to. That is the case of Mullen v. Peck, at page 447, the opinion-commencing at page 456. This was an action brought under section 4364 against the owner of the building for the purpose of subjecting the property to the payment of a judgment that had been recovered against the saloon keeper for- *57 sales illegally made, and the court say that there are two • remedies given to the plaintiff. Under Section 4357 she-may sue the seller of the liquor alone, or him jointly with the owner of the building for all damages sustained by reason cf the unlawful sales. Now, under that section, if" the plaintiff proceeds against the owner of the building and the saloonkeeper jointly, the allegation in the petition must show that the sales were unlawfully made, and the proof in-the case must support the allegation. If the person in- ■ jured recover a judgment,she may have an action under section 4364, which is the section under which ‘this case I am-reading from was brought, and in that case the court held it was not necessary to allege in the petition that the sales • which were the foundation of the original action, were illegally made, and with the knowledge of the owner of the building. They say, this Section 4364 does not make it' essential, in order to charge the leased premises where the liquors were illegally sold, with the payment of the damages" caused by such sales,either that the premises be leased to housed for the purposes of selling intoxicating liquors thereon in violation of law, or, that the lessor had knowledge that' such liquors are so sold, or that he knowingly permitted the sales which caused the damages. It is sufficient if the-premises were leased to be used for the sale of intoxicating ■ liquors, or were permitted to be so used.
Section 4364, which they are considering,is different from section 4357, and they hold that under that section, in a action brought upon a judgment already recovered on account of illegal sales,it is not necessary to aver or prove that; the sales made were illegal, or that the owner of the building knew that the place was carried on as a place where intoxicating liquors were sold in violation of law. So we think' under these decisions it was the duty of the court to charge the jury that these sales were unlawful.
Neither was it sufficient in our opinion to aver that the-r *58 sales were unlawfully made, as the court in the 84th Ohio State which I have referred to, say “it is necessary to aver in the petition and prove on the trial, facts that the sales were made in contravention of the penal provisions of that statute. ’ ’ There was no averment of any fact in this petition that these sales were illegally made except by the word “unlawfully”, which is a legal conclusion.
It is suggested in argument that the provisions of the statute in relation to notice which was incorporated in this statute after the passage of the original act, was a provision defining a new crime, that upon service of a written notice sales thereby became illegal. But that, we think, was not the object of the amendment. It was a- measure of precaution and warning to the seller from the party injured, bringing to the knowledge of the seller that he must not sell liquoi to some one named; otherwise it can be plainly seen that all that is necessary to make the selling of intoxicating'liquor in Ohio illegal, is to serve a notice, and it will be seen that if this were the law, that the sale of liquor •could be very speedily and thoroughly stopped. On the ■other hand the statute- does not declare such sales after notice illegal. If it did, it would be necessary to have a ■penalty enforcing it, and they have not provided that.
.This is only a method of procedure in order that there may be proof that the seller of the liquor had notice that for some reason he should abstain from selling liquor to this particular person, and that proof is obtained either by giving notice verbally or in writing in the presence of a witness to the person selling the liquor, or filing a notice with the township clerk.
We think these exceptions to the charge should be sustained, and upon the ground that the case was not properly ■submitted to the jury. They were not informed what illegal sales, and that any sales were in violation of the statute.
Another error was discussed here: That in order to show *59 that notice was given, the statute requiring that the person must be served either verbally or in writing in the presence of a witness, it was necessary to produce on the trial the witness in whose presence that notice was given.
James & Beverstoch, for plaintiff in error.
Baldwin & Harrington, for defendant in error.
We do not think that it was necessary to produce on the trial the witness who was present when the notice was served.
The testimony of he party who served the notice or of any person who knew of it would be competent to show that the notice was served.
We therefore reverse this judgment, and remand the case for a new trial.